IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS HAASS, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br> v.<br><br>HOPKINS MANUFACTURING CORPORATION,<br><br>       Defendant. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

 Plaintiff Thomas Haass ("Plaintiff"), by and through his attorneys, makes the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge, against Defendant Hopkins Manufacturing Corporation ("Defendant").

## NATURE OF THE ACTION

 1. This is a class action lawsuit on behalf of purchasers of Bell Deer Warning Devices (the "Devices") in the United States.

 2. The Devices purport to be "Deer Warning" devices, which "help[] reduce accidents" by "produc[ing] dual-pitch sounds to alert nearby animals:"

1



3. Unfortunately for consumers, however, the Devices are a sham. Decades of studies and peer-reviewed tests have repeatedly shown that deer warning devices, also known as "deer whistles," do nothing to prevent automotive collisions with deer. They are ineffective and worthless.

2

4.     Researchers have long known that deer whistles are ineffective, but unscrupulous distributors such as Defendant continue to market them to consumers who are desperate to avoid deer collisions.  As Utah State University Professor Ben West wrote, "[i]f a graduate student somewhere ever wishes to write a thesis about strategies to market products with absolutely no substantive value, deer whistles would make an excellent case study.  Deer whistles – the little plastic devices that, when mounted to the front of an automobile, supposedly emit a high-pitched whistle and frighten deer away from oncoming traffic – shouldn't work from a common sense perspective, and science backs up that prediction."

5.     The Insurance Institute for Highway Safety has likewise stated that "there is no firm evidence that whistles are effective and considerable evidence that they are not."

6.     One peer-reviewed study which tested the efficacy of commercially available deer whistles found no "differences in responses from 150 groups of free-roaming mule deer to a vehicle mounted with and without … warning whistles."  The study found that:

> [D]eer in the road continued to travel in the direction they were headed.  Fawns that lagged behind a group would run into the road to follow the adults that had already crossed.  Deer sometimes remained standing in the road, showing "no response" and forcing us to slow the vehicle to avoid a collision.  There also were occasions when deer crossed the road and then turned to run back in front of the vehicle ….  All of these responses were observed regardless of the presence or absence of either brand of whistle.

7.     Another published study from the University of Georgia concluded that "deer-whistles are likely not effective in altering deer behavior along roadways to help prevent deer-vehicle collisions."

8.     Multiple news programs have reported on the inefficacy of Defendant's Devices. For instance, one program featured on an NBC News affiliate titled, "Do Deer Whistles Really

Work?" noted that researchers testing deer whistles found that "deer can hear them, but likely too late:"[1]



9. Another news piece featured on KMBC News called, "Do Deer Whistles Work" reported that "studies are showing that deer whistles simply don't work:"

---

[1] https://www.youtube.com/watch?v=efbJWNSLNiE.



10. KMBC News interviewed Gene Fox from the Missouri Dept. of Conservation, who explained that: "if you're looking for a bottom line, they're not effective. Because, this time of year, the buck, or the male, his mind is on the doe, and the doe has her mind on getting away from the buck, and they're oblivious to such things as whistles on a grill:"



11. Upon information and belief, Defendant is a large company that is well-aware of media coverage regarding deer whistles, and especially when photos of its own Devices are featured on the news. Moreover, news programs routinely ask companies to comment before featuring their products in their news pieces. Thus, Defendant is well-aware its Devices do not work but continues selling them to unsuspecting consumers nationwide.

12. Plaintiff is a purchaser of a Device who asserts claims for fraud, breach of express warranty, and violations of the Magnuson-Moss Warranty Act and the consumer protection laws of the state of New York, on behalf of himself and all similarly situated purchasers of the Devices.

**PARTIES**

13. Plaintiff Thomas Haass is a citizen of New York who resides in Dover Plains, New York. Mr. Haass purchased two of Defendant's devices in 2016. Thereafter, Mr. Haass purchased an additional device in November 2019 from an AutoZone in Poughkeepsie, New York for approximately $7. However, soon after his purchase in in November 2019, Plaintiff

collided with a deer in his car, which was still outfitted with the Devices from his purchase in 2016. Thus, Plaintiff decided against installing the newly purchased device on his vehicle.

14. Prior to purchasing the Device in November 2019, Mr. Haass carefully read the Device's labeling, including the representations that it was a "Deer Warning" device that "Helps reduce accidents" using "dual-pitched sounds to alert nearby animals." Mr. Haass understood these statements to mean that the Devices would effectively reduce automotive collisions with deer, and relied on them in that he would not have purchased the Devices at all, or would have only been willing to pay a substantially reduced price for the Devices had he known that these representations were false and misleading.

15. Defendant Hopkins Manufacturing Corporation is a Kansas corporation with a principal place of business at 428 Peyton Street, Emporia, Kansas. Defendant distributes the Devices throughout the United States.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

17. This Court has personal jurisdiction over Defendant because Defendant conducts business in New York. Defendant has marketed, promoted, distributed, and sold the Devices in New York, rendering exercise of jurisdiction by New York courts permissible.

18. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

19. All conditions precedent necessary for filing this Complaint have been satisfied and/or such conditions have been waived by the conduct of the Defendant.

## CLASS REPRESENTATION ALLEGATIONS

20. Plaintiff seeks to represent a class defined as all persons in the United States who purchased the Devices (the "Class"). Excluded from the Class are persons who made such purchase for purpose of resale.

21. Plaintiff also seeks to represent a subclass defined as all Class members who purchased the Devices in New York (the "New York Subclass").

22. Members of the Class and New York Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and New York Subclass number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

23. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to whether Defendant's labeling, marketing and promotion of the Devices is false and misleading.

24. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false and misleading marketing and promotional materials and representations, purchased the Devices, and suffered a loss as a result of that purchase.

25. Plaintiff is an adequate representative of the Class and New York Subclass because his interests do not conflict with the interests of the Class members he seeks to

represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and their counsel.

26. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
**Deceptive Acts Or Practices, New York Gen. Bus. Law § 349**

27. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

28. Plaintiff brings this claim individually and on behalf of members of the New York Subclass against Defendant.

29. By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by making false representations on the label of the Devices.

30. The foregoing deceptive acts and practices were directed at consumers.

31. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the ability of the Devices to reduce accidents.

32. Plaintiff and members of the New York Subclass were injured as a result because (a) they would not have purchased the Devices if they had known that the Devices were ineffective to reduce accidents, and (b) they overpaid for the Devices on account of the misrepresentations that it is a "Deer Warning" device that "Helps reduce accidents."

33. On behalf of himself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, reasonable attorneys' fees and costs, and an order enjoining Defendant's deceptive conduct, and any other just and proper relief available under Section 349 of the New York General Business Law.

## COUNT II
### False Advertising, New York Gen. Bus. Law § 350

34. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

35. Plaintiff brings this claim individually and on behalf of members of the New York Subclass against Defendant.

36. Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting that the Devices are effective in reducing accidents.

37. The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

38. This misrepresentation has resulted in consumer injury or harm to the public interest.

39. As a result of this misrepresentation, Plaintiff and members of the New York Subclass have suffered economic injury because (a) they would not have purchased the Devices if they had known that the Devices were ineffective to reduce accidents, and (b) they overpaid for the Devices on account of the misrepresentation that it is a "Deer Warning" device that "Helps reduce accidents."

40. On behalf of himself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees and costs, and an order enjoining Defendant's deceptive conduct, and any other just and proper relief available under Section 350 of the New York General Business Law.

## COUNT III
### Breach of Express Warranty

41. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

42. Plaintiff brings this claim individually and on behalf of members of the Class and New York Subclass against Defendant.

43. In connection with the sale of the Devices, Defendant, as the designer, manufacturer, marketer, distributor, and/or seller issued written warranties by representing that the Devices are "Deer Warning" devices that "Help[] reduce accidents."

44. In fact, the Devices do not conform to the above-referenced representations because the Devices are ineffective.

11

45. Plaintiff and the members of the proposed Class and the New York Subclass were injured as a direct and proximate result of Defendant's breach because (a) they would not have purchased the Devices if they had known that the Devices were ineffective to reduce accidents, and (b) they overpaid for the Devices on account of the misrepresentation that it is a "Deer Warning" device that "Helps reduce accidents."

46. Plaintiff's counsel notified Defendant of his claims in a demand letter, sent via FedEx, on November 9, 2020.

## COUNT IV
### Fraud

47. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

48. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and New York Subclass against Defendant.

49. As discussed above, Defendant misrepresented on the Device's packaging that they are a "Deer Warning" device that "Helps reduce accidents."

50. The false and misleading representations and omissions were made with knowledge of their falsehood. Defendant is a top distributor of deer whistle products in the United States that is undoubtedly aware of the studies finding that deer whistles do not work and the news programs about the same. Nonetheless, Defendant continues to sell its ineffective and worthless Devices to unsuspecting consumers.

51. The false and misleading representations and omissions were made by Defendant, upon which Plaintiff and members of the proposed Class and New York Subclass reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and members of the proposed Class and New York Subclass to purchase the Devices.

52. The fraudulent actions of Defendant caused damage to Plaintiff and members of the proposed Class and New York Subclass, who are entitled to damages and other legal and equitable relief as a result.

## COUNT V
### Magnuson-Moss Warranty Act

53. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

54. Plaintiff brings this case individually and on behalf of the members of the proposed Class and New York Subclass against Defendant.

55. The Devices are a consumer product as defined in 15 U.S.C. § 2301(1).

56. Plaintiff and members of the Class and the New York Subclass are consumers as defined in 15 U.S.C. § 2301(3).

57. Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

58. In connection with the sale of the Devices, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that it is a "Deer Warning" device that "Helps reduce accidents."

59. In fact, the Devices are ineffective for their intended purpose of reducing accidents and do not conform to this representation.

60. By reason of Defendant's breach of warranty, Defendant violated the statutory rights due to Plaintiff and the members of the proposed Class and the New York Subclass pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, thereby damaging Plaintiff and the members of the Class and the New York Subclass.

61. Plaintiff and the members of the Class and the New York Subclass were injured as a direct and proximate result of Defendant's violation because (a) they would not have

purchased the Devices if they had known that they were ineffective for their stated purposes, and (b) they overpaid for the Devices on account of the misrepresentations that it is a "Deer Warning" device that "Helps reduce accidents."

## RELIEF DEMANDED

62. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

    a. For an order certifying the nationwide Class and the New York Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representatives of the Class and New York Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and New York Subclass members;

    b. For an order declaring that Defendant's conduct violates the statutes referenced herein;

    c. For an order finding in favor of Plaintiff, the nationwide Class, and the New York Subclass on all causes of action asserted herein;

    d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

    e. For prejudgment interest on all amounts awarded;

    f. For an order of restitution and all other forms of equitable monetary relief;

    g. For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign; and

    h. For an order awarding Plaintiff and the Class and New York Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: February 12, 2021                      Respectfully submitted,

                                                    **BURSOR & FISHER, P.A.**

By: /s/ *Yitzchak Kopel*
       Yitzchak Kopel

Scott A. Bursor
Yitzchak Kopel
Joshua D. Arisohn
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: scott@bursor.com
         ykopel@bursor.com
         jarisohn@bursor.com

*Attorneys for Plaintiff*

15